IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:22-cv-01843-DDD-SKC

MIKE BOULTER,
BOULTER, LLC,
RALPH NIX PRODUCE, INC., AND
BARCLAY FARMS, LLC, ON BEHALF OF THEMSELVES AND CLASSES OF SIMILARLY SITUATED PERSONS,
   PLAINTIFFS,

v.

NOBLE ENERGY, INC., AND
KERR-MCGEE OIL & GAS ONSHORE, LP,
    DEFENDANTS.

## ORDER GRANTING MOTION TO DISMISS

This is the fourth time Plaintiffs have brought this "substantially identical" case against these defendants, claiming to have been improperly calculating royalties owed under oil and gas leases between them. *See* Doc. 1 at 1*; Boulter et al. v. Noble Energy, Inc. and Kerr-McGee Oil and Gas Onshore, LP,* No. 1:20-CV-00861-WJM-KLM (D. Colo.) ("*Boulter I*"); *Boulter et al. v. Noble Energy, Inc. and Kerr-McGee Oil and Gas Onshore, LP*, No. 1:21-CV-01346-RM-KLM (D. Colo.) ("*Boulter II*"); *Boulter et al. v. Noble Energy, Inc. and Kerr-McGee Oil and Gas Onshore, LP*, No. 1:21-cv-03500-RM-SKC (D. Colo.) ("*Boulter III*").

The first time, the court dismissed the complaint, holding that Plaintiffs had failed to exhaust their remedies under Colorado's Oil & Gas Conservation Act. See *Boulter I*, Doc. 58 at 9-10. The second time, the court rejected Plaintiffs' argument that the decision of the Colorado Court of Appeals in *Antero Resources Corp. v. Airport Land Partners,*

*Ltd.* ("*Airport Land*"), No. 2019CA179 (Colo. App. June 3, 2021), was a significant intervening change in the law that permitted them to essentially refile their case again and again dismissed the case. *Boulter II*, Doc. 47 at 1-2. The third time, the court again dismissed the case, declining "to allow Plaintiffs a third bite because their arguments are not new, and nothing of significance has changed." *Boulter III*, Doc. 23 at 2.

Defendants have moved to dismiss this fourth case, arguing that it is barred by the doctrine of res judicata, or issue preclusion, and alternatively that it fails on the merits for the same reasons explained in *Boulter I*. Doc. 6.

"Issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004). Issue preclusion applies where:

> (1) the issue previously decided is identical with the one presented in the action in question,
>
> (2) the prior action has been finally adjudicated on the merits,
>
> (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and
>
> (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.*

Plaintiffs don't contest that that these factors apply here. Instead, they argue (as they did in *Boulter II*) that the exception to res judicata for cases brought after a significant intervening change in the law applies. Doc. 32. They now have a Colorado Supreme Court decision affirming the prior court of appeals decision to point to. *See Antero*

*Resources Corp. v. Airport Land Partners, Ltd.*, No. 21SC533, 2023 WL 2640471 (Colo. 2023).

The problem, though, is that (as Judge Moore recognized in Boulter II) the issue that was dispositive in *Boulter I* was not at issue in either iteration of *Airport Land*. *Boulter I* held that Plaintiffs were required to first present their dispute to the Colorado Oil & Case Conservation Commission which would determine whether the case was one involving a "bona fide dispute regarding interpretation of a contract." *Boulter I* at 10 (citing Colo. Rev. Stat. 34-60-118.5(5.5)). "Only in the event that the [Commission] finds that such a dispute exists does it decline jurisdiction" at which point the parties may proceed to litigation. *Id*.

That was not in question in *Airport Land*. What both the court of appeals and the supreme court addressed there was what constitutes such a bona fide dispute regarding interpretation of a contract. *See Antero Resources Corp.*, 2023 WL 2640471 at *2. The plaintiff in that case had in fact taken its dispute to the Commission, and the question was whether the Commission was right that the matter was not one of contract interpretation and therefore properly within its jurisdiction. *Id.* In other words, *Airport Land* is about the *second* step of the process described in *Boulter I*. But *Boulter I* turned on the *first* step: presenting the dispute to the Commission for the initial determination. That the Colorado Supreme Court held that at the second step that the dispute was a matter of contract interpretation so the Commission should have declined jurisdiction does not say anything about whether *Boulter I* was

wrong about the first step. *Airport Land* is therefore not a significant intervening change in the law,[1] and this case is barred by res judicata.

The remainder of Plaintiffs' arguments are attempts to explain why *Boulter I* was wrong, and exhaustion was not required or would be futile. See Doc. 32 at 14-18. But even if I thought *Boulter I* (and *Boulter II*, and *Boulter III*) was wrongly decided, I would be compelled to grant the motion to dismiss this case as precluded by res judicata. A party who believes a district court wrongly dismissed its case has a number of options: it can ask for reconsideration or it can appeal, for example, and have the result reversed. Filing the same case three more times is not one of those options.

## CONCLUSION

It is **ORDERED** that:

The Defendants' joint motion to dismiss (Doc. 6) is **granted**.

This case is **dismissed** with prejudice.

and

The Clerk of Court is directed to close this case.

DATED: April 6, 2023

BY THE COURT:

Daniel D. Domenico
United States District Judge

---

[1] As Defendants point out, the Colorado courts describe their decisions not as significant changes in governing law but consistent with precedent. CITE This too undermines Plaintiffs' argument.